IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| TERESA DURBIN-CURE, | ) Case No. 04-43200 |
| | ) |
| Debtor. | ) |

MEMORANDUM OPINION

Debtor Teresa Durbin-Cure filed an objection to the proof of claim filed by Sherman Acquisition. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, I will overrule debtor's objection.

FACTUAL BACKGROUND

Debtor filed a previous Chapter 13 case on June 4, 2001. She listed Citibank, account number xxxx xxxx xxxx 9623, as a creditor with a claim for $2,730.01. Sherman Acquisition, though not listed as a creditor, filed a proof of claim for $2,730.01 on an assigned claim with account number xxxx xxxx xxxx 9623. Debtor did not object to either claim, and on November 19, 2001, the Chapter 13 trustee filed a notice allowing claims as filed. On April 5, 2004, this Court dismissed that case for default in plan payments.

On May 24, 2004, debtor filed this Chapter 13 bankruptcy case. This time she listed Citibank Driver's Edge as a judgment creditor, with a claim for $4,200.00. When Sherman

Acquisitions filed a proof of claim in the amount of $2,730.01, debtor filed an objection to the claim. The basis of her objection is that Sherman Acquisitions failed to attach supporting documentation to its claim and failed to serve debtor's counsel with such documentation. On March 21, 2005, Sherman Acquisition filed supplemental exhibits to its proof of claim. One of the exhibits is a Bill of Sale documenting an assignment of claims from Citibank (South Dakota), N.A. to Sherman Orginator, L.L.C. The second exhibit is one of the claims assigned. That claim is a claim of Citibank Driver's Edge, on account number xxxx xxxx xxxx 9623, in the amount of $2,730.01, against Teresa L.Cure, 2015 Spruce Avenue, Kansas City, Missouri 64127-3421. That is the same address debtor listed in her bankruptcy petition. On March 28, 2005, this Court held a hearing. Having reviewed the documents filed in both this case, and the previous case, I am now ready to rule.

## DISCUSSION

The Bankruptcy Appellate Panel for the Eighth Circuit (the BAP) recently dealt with this precise issue.[1] In that case the debtor scheduled two credit card debts as neither disputed nor unliquidated. A creditor, as assignee of both claims, filed proofs of claim in amounts very similar to the amounts scheduled by debtor. Debtor then filed objections based on lack of documentation. She argued that the proofs of claim did not comply with Rules 3001 or 3002 of the Federal Rules of Bankruptcy Procedure (the Rules), nor with the instructions on the Proof of Claim Form B10, that the creditor did not attach the original or a duplicate

---

[1] *See Dove-Nation v. eCast Settlement Corporation (In re Dove-Nation)*, 318 B.R. 147 (B.A.P. 8th Cir. 2004).

writing evidencing the claim, and that the creditor did not file all of the documents supporting the claim.[2] The BAP disagreed. It concluded that in the bankruptcy context, the court must begin with the Bankruptcy Code, not the Rules.[3] Section 101(5) provides that a claim is a right to payment,[4] that a creditor is an entity that had a claim against the debtor that arose prepetition,[5] that a creditor may file a proof of claim against the debtor,[6] and that a claim is deemed allowed unless a party in interest objects.[7] If an objection to a claim is filed, the court must determine the amount of such claim and must allow the claim in that amount unless any of nine enumerated exceptions apply.[8] Section 502(b) sets forth the sole grounds for objecting to a claim and directs the court to allow the claim unless one of the exceptions applies. As in *Dove-Nation*, debtor here does not argue that any of the exceptions apply. Thus, the issue before me is whether the Rules control over a substantive provision of the Code.

Rule 3001(a) provides that a proof of claim is a written statement setting forth a creditor's claim, and the proof of claim must conform substantially to the appropriate official

---

[2]*Id.* at 149.

[3]*Id.* at 151.

[4]11 U.S.C. § 101(5).

[5]*Id.* at § 101(10).

[6]*Id.* at 501(a).

[7]*Id.* at 502(a).

[8]*Id.* at 502(b)1-9; *Dove-Nation*, 318 B.R. at 150.

form.[9] If the claim is based on a writing, the original or a duplicate must be filed with the proof of claim.[10] A proof of claim executed and filed in accordance with the Rules shall constitute prima facie evidence of the validity and amount of the claim.[11]

As the BAP explained, debtor's argument attempts to place form over substance, and to use the Rules to override the clear language of the Bankruptcy Code.[12] The rules are designed to supplement the statute, not replace it.[13] "The [United States] Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings, and motions, and the practice and procedure in cases under [the Bankruptcy Code]. Such rules shall not abridge, enlarge, or modify any substantive right."[14]

Moreover, the Rules only require substantial conformance with the official form. And, they allow a duplicate to be substituted for the original writing, and further allow an explanation if the writing has been lost or destroyed.[15]

In this case, I find that Sherman Acquisition substantially complied with the Rules. It identified the assigned claim. It presented a writing evidencing that debtor was obligated

---

[9] Fed. R. Bankr. P. 3001(a).

[10] *Id.* at 3001(c).

[11] *Id.* at 3001(f).

[12] *Dove-Nation*, 318 B.R. at 151.

[13] *Id.*

[14] 28 U.S.C. § 2075.

[15] *Dove-Nation*, 318 B.R. at 151.

on the assigned claim. Debtor does not dispute that she owed a debt to the assignor. She did list the debt for an amount in excess of the proof of claim, but she did not present any evidence that she did not owe this debt. Since debtor admits that she owes a debt to Citibank Driver's Edge, since Sherman Acquisition adequately documented that it is the assignee of such debt, and since debtor failed to establish any exception to this claim pursuant to section 502(b), I will overrule the objection. The claim of Sherman Acquisition in the amount of $2,730.01 will be allowed as a general unsecured claim.

An Order in accordance with this Memorandum Opinion will be entered this date.

/s/ Arthur B. Federman
Bankruptcy Judge

Date: April 1, 2005

Copies electronically mailed to Robert Todd Wilhelmus for service on:
Richard Fink
Thomas Noonan
Sherman Acquisition LP